J. WITHERELL

Aug$^t$. 18. 1824 —

## OPINION RELATING TO ACT DEFINING DUTIES OF COURT, ETC.

September 20, 1824

[OPINION]

The question now presented to the Court, and which must be disposed of, before the Court can, consistently, proceed to discharge its official duties, is important and not entirely free from dificulty — The Court is compelled to pronounce a Judgment, before it is fully organized, and at the

first moment of its Judicial Labours, and unaided by a regular argument, upon a question which necessarily involves, the provisions of an act of the Territory, that is presented to the Court, clothed with all the essential formalities, incident to a valid Law —

Whilst I regret the existence of the necessity that compels me to act I have no wish to shield myself from the legal responsibility, that divolves on me as a member of the Court — The Opinion which I shall give, altho hastily committed to writing, has been deliberately made up, under a careful examination of the laws connected with the question, aided by much reflection. I am satisfied myself of the correctness of my conclusion; others however may question it, and amongst the number I am compelled, reluctantly to place one of my honorable Colleagues, whose sound Judgment, aided by much experience, entitles him to my highest respect —

That the reasons on which I predicate my opinion, may not be misunderstood, I consider it proper to state the following propositions which I assume as uncontrovertable —

1st  That a Territory, under the United States Government, in its own right, possesses no sovereignty either absolute or limited —

2d  That all the Political rights of a Territory, are derived from, and depend for their Continuance, on the United States —

3d  That Congress possesses the power and authority of direct legislation, in and over a Territory —

4th  That the laws of the United, are in their character and nature, paramount Laws—They are to be considered and treated, as principles, and are binding on every department and branch of our Local Government —

And lastly.  That an act of the Local Government, which is repugnant to the Constitution, ordinances or Laws of the United States is void from its creation —

Having advanced the above propositions, I will now proceed with the enquiry, and endeavor to test the act of the Territory of the 5th of August 1824 by them —

I admit that the Governor and Legislative Council, under the act of Congress on the 3d of March 1823 possess the same powers and authority, to Legislate that the representative government, under the ordinance of 1787 could legally exercise — and I accord to them no greater authority or powers —

By the ordinance of 1787 it is provided, that "The Governor, Legislative Council and House of Representatives, shall have authority to make laws in all cases, for the good Government of the District not repugnant to the principles and articles in the same ordinance established and declared" "And for the prevention of crimes and injuries the laws to be adopted or made shall have force in all parts of the District"

The power of making laws above conferred is ample, and when correctly pursued, the acts and laws are binding on the Court, as well as every other department of gov^t

The same ordinance which confers the legislative powers, creates and establishes the Court for the District or Territory — It also gives to such Court its Jurisdiction and powers — The words of the ordinance are "there shall also be appointed a Court, to consist of three judges, any two of whom to form a Court, who shall have a Common law jurisdiction and reside in the District" &^c and by the 2^d Article of Compact the inhabitants of the Territory have a guarantee that "Judicial proceedings shall be according to the course of the Common Law"

The Court created by the ordinance, has at all times and on all occasions, and in every Territory of the United States, where the ordinance of 1787 has been applied, and I think correctly, been considered a Territorial Court of the highest grade and possessed & exercised an undivided jurisdiction, thro and over the whole Territory or district of Country embraced within the Territorial limits — And whenever the Court has been opened for transacting business, it was, necessarily, opened for transacting the Business of the whole Territory that might be properly before it, and that it is not, nor can be confined to the transacting the Business of a County, or other district of Country less than the whole Territory unless by a positive law of Congress — An act of the Territory, that should attempt to limit the Court, to the Business of the County, where it holds its Term, would abridge the jurisdiction of the Court, and would be contrary to the ordinance of the United States, which confers on the Court its jurisdiction — Such an act of the local Legislature, would under my last proposition, be nul and void in its creation —

Does the Act of the 5th of Aug^t which purports to be an act, defining the jurisdiction and duties of the Supreme and County Courts, deprive the Supreme Court of its jurisdiction or any part thereof, which it can rightfully claim and exercise under the ordinance and laws of the United States?

I answer that according to my understanding of the provisions of that Act, it does interfere with and abridge the the rightful jurisdiction of the Court — 1st The Act deprives the Supreme Court of an undivided general jurisdiction in and over the whole Territory — The Supreme Court as a Court of the Territory, is distroyed, and in lieu thereof, the act established five District or County Courts, and assigns to the Judges of the Territory the duties incident to holding such Courts, as a Supreme Court of the Territory — and at the same time restrains the Court — when opened from doing the Business of a Court of the Territory, by confining it to business, local to the County where the Court sits — Such a restriction I consider,

an attempt to limit and abridge the Court in the enjoyment and exercise of a legitimate jurisdiction, derived from and exercised under the ordinance and laws of Congress —

That the local legislature, have the power by Law, to increase the Terms of the Court, and to designate other places than Detroit for its sessions, I grant and the Court are bound to respect such an act when made — But whether a term of the Court is required to be held at Detroit, Macomb or Monroe, it must be the same Court in and for the Territory, when or where opened —

Therefore so much of the act of the 5th of Aug$^t$ as purports to restrain the jurisdiction of the Court when opened from doing business as a Court of the Territory, and to confine its powers to the business originating in or local to the County, I consider in the same light as tho such provisions had never existed or been embodied into an act. — I pronounce them void —

Another question remains to be considered, and disposed of, before the court can proceed, in the business of the Term — Has the Court a Clerk and if so under what authority must the Court receive and recognize him?

Previous to the taking effect of the Act of the 5th of August, this Court possessed a Clerk of its own appointment, under a Law of this Territory— If the provisions of the act of the 5th of Aug$^t$ purporting to have created five Clerks of this Court by Legislative enactment and by the same act to have appointed and designated the persons to discharge the duties, stand well with the laws of the United States, then the Court must call on the Clerk of the County of Wayne, and require his attendance in Court to discharge the duties incident to the office — If on the contrary it should be found that the Council were not authorised, by a Legislative act to designate the person who should be the Clerk of the Court, much less to impose five Clerks, upon the Court, and each to act without the qualification of an oath, or the surety of a Bond, then and in that event, the Clerk appointed by the Court will remain unaffected by the Act, which retains all acts and parts of acts in force, so far as they are not altered or affected by the legal provisions of the new act. —

It is fair to presume, that the act in question, the provisions of which, embarrass the Court, was made under the authority, supposed to be Conferred upon the Council, by the $3^d$ Section of the Act of Congress of the $3^d$ of March 1823 —

That section provides that the powers and duties of the Judges of the Territory shall be regulated by such laws as are or may be in force therein — I do not understand the enactment embraced in the $3^d$ Section, to confer any new or additional authority, over the Judges, that the Council did not

possess and might not fairly exercise, under their powers conferred by the first section — I ever have and still consider the enactment chiefly declaratory of the powers that always appertained, by necessary implication, to the Legislative authority — The powers had been exercised and submitted to, by the Court — All the jurisdiction, and all the powers, that the Court can correctly exercise, are conferred on it by the laws of the United States — The times when and the places where, and the manner in which these, powers, for local purposes, should be exercised, are left to be provided for by the Local Government — The details are proper and suitable matter to be embodied in a law, defining and regulating the practice of the Court — Whatever might have been the motives of Congress for inserting that enactment, if they are not apparent on the face of the law, the Court cannot avail itself of them, in putting a construction upon the law. One thing is very evident, to me that whatever else might have been in view, Congress never intended to give authority to the Council, to furnish the Supreme Court, with five Clerks — For by the same act, Congress has vacated the office of one of the Clerks of the Court, when it had but Two, and by a positive enactment confined, the Court to one — I refer to the 7th Sec$^{t}$ of the Act of the 3$^{d}$ of March already mentioned, which I conceive settles the Question, so far as the clerks are concerned. I therefore consider the clerk heretofore appointed, as well in office, and that he is competent to discharge the duties incident to that office, and until he shall resign, or be displaced from office, the Court cannot recognize any other person to be clerk of the Court.

Such are my views upon the Laws in question—I think them correct, and upon the construction given them by me the Court can proceed with the business before it without embarrassment—A Contrary Construction of the law, would embarrass the Court—We should be hedged in by dificulties, that to me appear, wholly insurmountable—